JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO
joins, dissenting.
In this case, one parent deliberately has violated a valid Virginia juvenile court order by removing the residence of the parties’ minor children from the Commonwealth without prior court permission, thereby manufacturing a “change of condition,” and thus encroaching on the due process rights of the other parent on issues of child custody, visitation, and support.
The majority endorses such practice, without even a hint of disapproval (except to blame the father for failing to seek “sanctions”), relying solely on “the best interests of the children.” I cannot join such a decision.
As I interpret the record, the circuit court did not base its decision approving the move solely on the facts existing at the time of the move. Rather, the court considered facts relating to the changed circumstances existing after the move. Indeed, the circuit court’s lengthy recitation of reasons to support its decision in favor of the mother, quoted in the majority opinion, speaks mainly about Indiana conditions that existed after the move. This points up the unfairness to the father in which the circuit court, the Court of Appeals, and now a majority of this Court, in a classic exercise of bootstrapping, all have infringed on the father’s due process rights.
Therefore, I would reverse the judgment of the Court of Appeals with direction that the case be remanded to the circuit court for further proceedings, including requiring the mother to show cause why she should not be held in contempt of court for violation of the order prohibiting removal of the children’s residence from the Commonwealth without court permission.